THE STATE, EX REL. JEFFERSON COUNTY CHILDREN SERVICES BOARD, *v.* HALLOCK, JUDGE.

[Cite as State, ex rel. Jefferson Cty. Children Serv. Bd., *v.* Hallock (1986), 28 Ohio St. 3d 179.]

(No. 86-1177—Decided December 30, 1986.)

*Breckenridge & McCroom* and *E. Winter McCroom,* for relator.
*Stephen M. Stern,* prosecuting attorney, for respondent.

*Per Curiam.* Retention of independent counsel by county agencies is addressed in Title 3 of the Ohio Revised Code. R.C. 309.09(A) provides in relevant part:

"The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, and all other county officers and boards, including all tax supported public libraries, and any of them may require written opinions or instructions from him in matters connected with their official duties. He shall prosecute and defend all suits and ac-

tions which any such officer or board directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code.''

R.C. 305.14 provides:

"The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity.

"The board of county commissioners may also employ legal counsel, as provided in section 309.09 of the Revised Code, to represent it in any matter of public business coming before such board, and in the prosecution or defense of any action or proceeding in which such board is a party or has an interest, in its official capacity.''

In *State, ex rel. Corrigan,* v. *Seminatore* (1981), 66 Ohio St. 2d 459 [20 O.O.3d 388], this court had occasion to consider the circumstances under which the foregoing statutory provisions could be invoked. Paragraph one of the syllabus in that decision states:

"Application by both the prosecuting attorney and the board of county commissioners is a prerequisite to authorization by a court of common pleas pursuant to R.C. 305.14 of appointment of other counsel to represent a county officer, except where the prosecuting attorney has a conflict of interest and refuses to make application.''

Upon consideration of the facts presented in that matter the court remarked at 465-466 that "* * * the prosecuting attorney not only failed to make the application but vigorously opposed appointment of other counsel, although admitting a conflict of interest exists.''

The case at bar involves a situation clearly analogous to that presented by *State, ex rel. Corrigan,* v. *Seminatore, supra. Seminatore* concerned the initiation of criminal proceedings by the prosecuting attorney against county officials whom he was charged by statute to represent. In the present matter, the county prosecutor has undertaken an investigation which may likewise result in the commencement of a criminal action.

Moreover, in both cases, the prosecuting attorney was aware of the potential conflict. Regarding the present controversy, initial efforts to retain independent counsel were undertaken at the urging of the county prosecutor in his February 3, 1986 correspondence to the Board of County Commissioners of Jefferson County. Recognition by the prosecuting attorney that a conflict existed is further evidenced by the joint application filed by the prosecutor and the board of commissioners with the court of common pleas on February 13, 1986.

Under such circumstances, the court of common pleas possessed

jurisdiction to authorize the employment of outside counsel pursuant to R.C. 305.14 without the acquiescence of the county prosecutor.

The office of the Attorney General reached a similar conclusion in 1986 Ohio Atty. Gen. Ops. No. 86-036 with respect to this issue. In response to the request of the Jefferson County Prosecutor, the Attorney General stated at 2-191:

"Where the duty of the county prosecuting attorney to represent a county officer or board and his duty to prosecute alleged wrongdoing subject the county prosecuting attorney to a conflict of interest, the failure of the county prosecuting attorney to submit an application to the court of common pleas pursuant to R.C. 305.14 for the employment of other legal counsel to represent such officer or board will not deprive the court of common pleas of jurisdiction to authorize the board of county commissioners to employ other legal counsel when the court deems that such employment is in the best interests of the county."

It is apparent, therefore, that the court of common pleas possessed the jurisdiction, pursuant to R.C. 305.14, to determine whether a conflict of interest existed. While that determination is not presently before this court, it is a valid order unless and until it is reversed on appeal. Consequently, the order was binding upon respondent. Nevertheless, respondent maintains that he had jurisdiction to issue his "order" of June 2, 1986 preventing McCroom from appearing in Jefferson County Juvenile Court on behalf of relator. This argument is without merit.

In the present cause, respondent made his order of June 2, 1986 *sua sponte*. The court's action was not made pursuant to an application or any other matter pending before the court. He numbered it "En Banc" and stated in his affidavit of August 18, 1986 that he issued the order as a result of his independent interpretation of the Attorney General's opinion. Respondent was without authority to make this order. It is axiomatic that a court's jurisdiction is limited to actions before it. "An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense." R.C. 2307.01. Since no application was pending before respondent, he had no jurisdiction to issue this order. Thus, the order of June 2, 1986 was *void ab initio*. The final issue before this court, therefore, is whether the actions of the respondent may be addressed through resort to a writ of prohibition.

In order for a writ of prohibition to be issued, " ' "(1) [t]he court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy." ' " *DuBose* v. *Court* (1980), 64 Ohio St. 2d 169, 170 [18 O.O.3d 385].

Relator has satisfied the foregoing requirements. Respondent has at-

tempted to exercise judicial power by prohibiting McCroom from representing relator before the Jefferson County Juvenile Court. Said exercise of judicial power is unauthorized by law. McCroom was properly empowered to represent relator pursuant to R.C. 305.14.

While relator might have had a remedy through appeal, it would not be a bar to a writ of prohibition. Since the court "is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to this court's supervisory jurisdiction to prevent the usurpation of jurisdiction by an inferior court." *State, ex rel. Rockwell Internatl., v. Ford* (1980), 61 Ohio St. 2d 234, 235 [15 O.O.3d 250]. See, also, *State, ex rel. Johnson, v. Perry County Court* (1986), 25 Ohio St. 3d 53, 58; *State, ex rel. Sowell, v. Lovinger* (1983), 6 Ohio St. 3d 21, 23; *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St. 2d 326, 329 [59 O.O.2d 387]. "* * * [W]here the court, in deciding its own jurisdiction attempts to confer jurisdiction upon itself where in fact no jurisdiction whatsoever exists, such an improper assumption of jurisdiction is a usurpation of judicial power and any order made by a Court of Common Pleas pursuant to such a usurpation of judicial power is void and of no force or effect." *State, ex rel. Osborn, v. Jackson* (1976), 46 Ohio St. 2d 41, 50-51 [75 O.O.2d 132].

Based upon all of the foregoing, the motion of relator for summary judgment is granted and the writ of prohibition is allowed.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and WRIGHT, JJ., concur.

HOLMES, J., concurs in judgment only.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I find that the issue of whether respondent had authority to preclude appointed counsel, rather than the county prosecutor, from representing relator in the court of common pleas, juvenile division, is properly subject to appeal. As such, relator has an adequate remedy at law and the grant of a writ of prohibition is improper. Moreover, I find upon examination of the record and pertinent law that relator was authorized to preclude appointed counsel from appearing in his court as general counsel for relator.

R.C. 305.14 provides, in pertinent part:

"The court of common pleas, *upon the application of the prosecuting attorney* and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before

such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity." (Emphasis added.)

In 1981, upon consideration of this statute, this court held:

"1. *Application by both the prosecuting attorney* and the board of county commissioners *is a prerequisite to authorization* by a court of common pleas pursuant to R.C. 305.14 of *appointment of other counsel to represent a county officer, except where the prosecuting attorney has a conflict of interest* and refuses to make application." (Emphasis added.) *State, ex rel. Corrigan,* v. *Seminatore* (1981), 66 Ohio St. 2d 459 [20 O.O.3d 388], paragraph one of the syllabus.

The court elucidated further:

"Under ordinary circumstances, the common pleas court should not authorize the appointment of counsel for any county board or officer, even with respect to an action pending in the court, unless an application for such appointment is made by both the prosecuting attorney and the board of county commissioners. Application by the prosecuting attorney ordinarily is necessary because the counsel being appointed will fulfill a duty otherwise imposed by law upon the prosecuting attorney." *Id.* at 463.

Thus, pursuant to the strictures of R.C. 305.14, as previously interpreted by this court, if a board seeking the appointment of independent counsel can demonstrate that its interests are adverse to those of the prosecutor, then the court of common pleas, including that court's juvenile division, is authorized to appoint such counsel solely on the basis of the board of commissioners' authorization. If, however, the board seeking independent counsel cannot show a conflict of interest, then *both* the board of commissioners *and* the prosecutor must authorize the appointment. Absent both authorizations under these circumstances, the court is powerless to act.

In this case, the court of common pleas, general division, appointed, ostensibly pursuant to R.C. 305.14, independent counsel to represent relator. In so ruling, the court failed to limit counsel's authority to matters pertaining to relator's interest specifically adverse to the prosecutor's investigation; seemingly, the court's judgment authorized independent counsel to advise relator, to the exclusion of the prosecutor's services, on *all* legal matters pertaining to relator. I, however, find no evidence in the record of a conflict of interest between the parties' positions to justify such an expansive grant of authority.

The only interest that relator can demonstrate as being adverse to the prosecutor's centers on the prosecutor's investigation of neglect to the children in relator's care. Disputes over contractual matters or general discord and frustration between the parties, as cited by the common pleas court, general division, do not rise to the level of conflicts of interest. Additionally, the record is replete with testimony of relator stating that it was, and is, quite pleased with the services of the prosecutor's office and

can find no conflict whatsoever. Because the prosecutor's positions or interests are not in conflict with relator's interests and any other matter apart from the prosecutor's investigation, the prosecutor should retain the authority to represent, as is his statutory duty, relator on all other matters.

The converse of this position is perilous indeed. As a practical matter, for example, any time a prosecutor initiates an investigation into the activities of a county commissioner, board, officer, library or township officer, is the prosecutor to be foreclosed from serving that respective entity's other public-related legal needs? If this practice would become the rule, the prosecutor would be effectively paralyzed in all but investigative and prosecutorial endeavors. This result was never the aim of R.C. 309.09 or 305.14.

Accordingly, because I find that respondent is fully justified and authorized to preclude appointed counsel from representing relator on all matters in respondent's court, I would deny the writ of prohibition.