[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 37.]

THE STATE EX REL. SARTINI, PROS. ATTY., ET AL., APPELLEES, *v.* YOST, JUDGE; O'BRIEN, AUD., APPELLANT.

[Cite as *State ex rel. Sartini v. Yost*, 2002-Ohio-3317.]

*Prohibition—Allegation of conflict of interest by county prosecutor in his representation of public officials—Writ sought to prohibit common pleas court judge from enforcing order permitting county auditor to engage outside counsel at county expense to represent her in a mandamus action—Court of appeals' grant of writ affirmed, when.*

(No. 2001-1795—Submitted May 7, 2002—Decided July 10, 2002.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2000-A-0034.

_____

**Per Curiam.**

{¶1} On behalf of appellees Andover Township Trustees, the predecessor to appellee Ashtabula County Prosecuting Attorney Thomas L. Sartini requested that the Ohio Attorney General provide an opinion concerning whether certain recreational vehicles were taxable as real property or as manufactured homes. On September 5, 1997, the Attorney General issued Opinion No. 97-042, in which she concluded that a "recreational vehicle, as defined in R.C. 4501.01(Q), that is altered in such a way that it qualifies as a fixture under R.C. 5701.02(C) loses its status as personal property and is classified as real property pursuant to R.C. 5701.02(A), regardless of where that recreational vehicle is located" and that the "determination of whether a recreational vehicle has become a fixture is a question of fact to be determined in the first instance by the county auditor." 1997 Ohio Atty.Gen.Ops. No. 97-042, paragraphs one and two of the syllabus. Sartini received the opinion from the Attorney General's Office, and on September 15, 1997, he sent copies of the opinion to the trustees as well as appellant, Ashtabula County Auditor Sandra

O'Brien. In his September 15, 1997 letter to the trustees and O'Brien, Sartini noted that the Attorney General's opinion suggested that "the County Auditor, in the first instance, may have to make several of the judgment calls with regard to whether or not certain recreational vehicles and any improvements may be taxed as real property."

{¶2} On October 14, 1997, the trustees responded to Sartini that based on the Attorney General opinion, they believed that O'Brien had been negligent in her duty to appropriately tax the recreational vehicles located in the Holiday Camplands Subdivision of the township or any other campground or subdivision that permitted recreational vehicles to become permanent fixtures. The trustees requested Sartini's opinion in the matter and also asked that Sartini represent the township by filing an action for a writ of mandamus to compel O'Brien to fulfill her duties as county auditor.

{¶3} By letter dated October 20, 1997, Sartini responded to the trustees' request and sent a copy of his response to O'Brien. Sartini stated that because O'Brien's duty under Ohio Atty.Gen.Ops. No. 97-042 was to make a factual determination for each recreational vehicle regarding whether each vehicle had so lost its identity as personal property as to become a fixture taxable as real property and O'Brien claimed that she had done so, the trustees should meet with O'Brien to verify her claims.

{¶4} The trustees thereafter retained private counsel under R.C. 309.09(B) to represent their interests in their dispute with O'Brien. On October 5, 1998, they filed a complaint in the Ashtabula County Court of Common Pleas for a writ of mandamus to compel Auditor O'Brien "to tax appropriately the recreational vehicles that have been altered to make them a part of the real estate located in Holiday Camplands Subdivision as permanent fixtures under Revised Code Section 5701.02(C), or alternatively to require the Auditor to investigate and determine the facts as to whether the recreational vehicles that have been altered to make them a

2

part of the real estate located in the Holiday Camplands Subdivision are permanent fixtures as stated under Revised Code Section 5701.02(C) * * *." The case was designated as case No. 98CV644 and assigned to Judge Gary L. Yost.

{¶5} On October 15, 1998, Sartini sent a letter to O'Brien concerning case No. 98CV644 in which he informed O'Brien that he was required by R.C. 309.09(A) to provide her with a defense in the case brought by the trustees but that the Code of Professional Responsibility required him to disclose to O'Brien his previous contact with the trustees concerning the matter:

{¶6} "In [my] October 20, 1997 letter I opined that the county auditor had a clear legal duty to determine on a case by case basis whether or not a recreational vehicle had become a fixture and thereby taxable as real property instead of personal property.

{¶7} "Subsequently I attended a meeting in your office held at the request of the trustees at which representatives of Holiday Camplands were present at your request to present their views on the matter.

{¶8} "Additionally, I had one other meeting with the trustees in my office to discuss the legal options available to them in this matter."

{¶9} Sartini advised O'Brien that notwithstanding his prior involvement in the dispute, he believed that his office could present all viable legal defenses on O'Brien's behalf, but he gave O'Brien the option of requesting other counsel to represent her. Sartini further advised O'Brien that if she wanted the Ashtabula County Commissioners to engage other counsel to represent her, the joint-application procedure of R.C. 305.14 must be followed, and he requested that O'Brien let him know "as soon as possible" her preference because an answer to the trustees' complaint was due on November 5, 1998. Included with the October 15, 1998 letter sent by Sartini to O'Brien were copies of the September 15, 1997 and October 20, 1997 letters he had sent to both the trustees and O'Brien as well as a copy of the October 14, 1997 letter sent by the trustees to Sartini.

**{¶10}** On October 26, 1998, O'Brien requested that Sartini seek an extension of time in case No. 98CV644 to file an answer on her behalf. Sartini complied and obtained an extension. On November 3, 1998, Sartini asked O'Brien to give him her "answer with regard to representation as quickly as possible" so that he could either make appropriate arrangements to secure separate counsel for her or begin preparing her defense. When O'Brien did not respond, Sartini filed an answer on her behalf in case No. 98CV644 and proceeded to represent her in the case from November 1998 until at least May 2000. Specifically, Sartini attended pretrial conferences and prepared and submitted discovery documents on behalf of Sartini in the common pleas court case.

**{¶11}** On October 26, 1999, Sartini informed O'Brien that in order to respond to the trustees' request for production of documents in case No. 98CV644, O'Brien would have to give access to certain of her appraisal records.

**{¶12}** By letter dated November 1, 1999, which was over a year after Sartini informed O'Brien of the potential conflict in his representation of her in the trustees' mandamus action, O'Brien notified Sartini that she wanted separate legal counsel under R.C. 305.14. In the letter, O'Brien contended that Sartini had a conflict of interest:

**{¶13}** "[U]nder Ohio law, you, as the prosecuting attorney, represent me in my capacity as County Auditor. In your capacity as prosecutor, however, you have taken actions against my interests. Disciplinary Rule 5-101 and Ethical Considerations 5-2 and 5-14 strictly prohibit an attorney from representing a client when a conflict of interest exists. Concern about this conflict is the reason why I have asked you repeatedly who you are representing in these matters. I am extremely concerned that you cannot represent me zealously and within the bounds of the law."

**{¶14}** On November 10, 1999, Sartini refused O'Brien's request that he and the Ashtabula County Board of Commissioners jointly apply to the common pleas

4

court to appoint separate counsel to represent O'Brien. Sartini stated that he did not believe that his office had a conflict of interest. On December 15, 1999, O'Brien filed a motion in the common pleas court to substitute counsel for her in case No. 98CV644.

{¶15} On May 5, 2000, following a hearing, Judge Yost granted O'Brien's motion and directed the county commissioners to appropriate the necessary funds to pay the reasonable attorney fees incurred by O'Brien for private legal counsel to represent her in case No. 98CV644. Judge Yost reasoned that although Sartini had satisfied all ethical obligations by making a full disclosure to O'Brien concerning his contact with the trustees and O'Brien had waived any conflict of interest by Sartini, O'Brien was entitled to substitute counsel in order to promote greater confidence in the legal process:

{¶16} "Ordinarily, once an attorney has consulted with one party on a particular controversy, he is precluded from later representing an opposing party on the same matter. In this case, the logical party to complain of a conflict would be the trustees, since he first talked with them, but is now representing the auditor. The prosecuting attorney recognized this conflict in his letter of October 15, 1998, to the auditor. Given that the prosecutor did advise one party to this case, prior to undertaking representation of the opposing party, *the only real question before the court in this case is whether the county auditor could waive the conflict by her agreement to have the prosecutor proceed on her behalf, and her acquiescence in that representation for more than a year.*

{¶17} *"The court concludes that the prosecuting attorney satisfied all ethical obligations by making a full disclosure to the county auditor of his prior involvement with the Andover Township Trustees, and specifically offering her the option to request other counsel to represent her in this case. The court further concludes that the auditor fully understood the nature of the conflict and the circumstances of the prosecutor's involvement with the trustees, and that she did*

*knowingly waive any objection to representation by the county prosecutor in this case.*

**{¶18}** "Nevertheless, there is one remaining, nagging, issue that concerns the court: maintaining confidence in the integrity of the legal process. Obviously, at some point, and no doubt *for reasons unrelated to this particular case, the auditor has lost confidence in her statutory counsel*, to the point that she now wishes to expend additional taxpayers' dollars to hire outside private counsel to represent her. Regardless of the auditor's motives, it is difficult for any attorney to effectively represent a client when an adversary relationship has developed between them. Unfortunately, we now have a situation in which the auditor has attacked the integrity of her counsel and which could cast a cloud on this entire proceeding, regardless of the outcome. *Although the auditor clearly should have made her request for outside counsel a year and a half ago, when that option was offered to her, the court, in the exercise of its discretion, finds that her belated request should be allowed, in order to promote greater confidence in the legal process*." (Emphasis added.)

**{¶19}** On June 2, 2000, Sartini and the county commissioners filed a complaint in the Court of Appeals for Ashtabula County for a writ of prohibition to prevent Judge Yost from enforcing his May 5, 2000 entry permitting the replacement of Sartini as counsel for O'Brien. Sartini and the county commissioners claimed that under these circumstances, Judge Yost had no jurisdiction whatsoever to substitute counsel for O'Brien. The court of appeals granted the motion of the Andover Township Trustees to intervene as relators and O'Brien to intervene as a respondent and denied Judge Yost's and O'Brien's motions to dismiss. Following a telephone conference, the court of appeals ordered the parties to submit stipulations of fact. If the parties were unable to stipulate to all relevant facts, a second telephone conference was to be held immediately to

6

determine whether the matter could go forward on motions for summary judgment or proceed to trial.

{¶20} The parties submitted stipulations of fact on March 1, 2001, and none of the parties advised the court at that time that they were unable to stipulate to all pertinent facts. The parties subsequently submitted merit briefs, with O'Brien attaching her affidavit specifying additional unstipulated facts, including her statements concerning unrelated cases. On August 27, 2001, the court of appeals granted a writ of prohibition vacating Judge Yost's May 5, 2000 judgment granting O'Brien's motion to substitute counsel and preventing Judge Yost from permitting new counsel to represent O'Brien in the underlying mandamus action, case No. 98CV644. This cause is now before the court upon O'Brien's appeal of right. Judge Yost did not appeal the judgment.

## Evidence

{¶21} O'Brien initially asserts that the court of appeals erred in refusing to consider her affidavit. In general, the admission of evidence is within the discretion of the trial court, and the court's decision will be reversed only upon a showing of an abuse of discretion. *State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 529, 533, 751 N.E.2d 1032. "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Herring* (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940.

{¶22} The court of appeals did not act unreasonably, arbitrarily, or unconscionably here. O'Brien and the other parties agreed and the court of appeals ordered that if the parties were unable to stipulate to all relevant facts, a second pretrial telephone conference would be held immediately to determine whether the matter could be submitted on motions for summary judgment or would need to proceed to trial. Instead of following this procedure, O'Brien stipulated to the facts submitted jointly by the parties, did not request an immediate conference concerning the disputed facts, and filed her additional evidence with her merit brief

and without leave of court. Under these circumstances, the court of appeals did not abuse its discretion in refusing to consider O'Brien's affidavit attached to her merit brief.

Prohibition

**{¶23}** In order to be entitled to the requested extraordinary relief in prohibition, Sartini and the county commissioners had to establish that (1) Judge Yost was about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denial of the writ would cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 594, 757 N.E.2d 1135.

**{¶24}** Contrary to O'Brien's argument, the mere fact that Judge Yost had, to a certain extent, already exercised his judicial power by granting O'Brien's motion to substitute outside counsel for Sartini in the common pleas court case did not preclude Sartini and the county commissioners from obtaining a writ of prohibition. We have consistently held that if an inferior court "patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*" (Emphasis sic.) *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236; *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126.

**{¶25}** Moreover, absent a writ of prohibition, Judge Yost would continue to enforce his order by permitting O'Brien to engage outside counsel at county expense during the pendency of the common pleas court case. Therefore, Sartini and the commissioners established the first prerequisite for a writ of prohibition.

**{¶26}** Concerning whether Judge Yost's exercise of jurisdiction allowing O'Brien to engage separate counsel at county expense was unauthorized, R.C. 309.09 provides that the prosecuting attorney shall defend all suits and actions in

which any county officer is a party and that "no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code." Under R.C. 305.14(A), "[t]he court of common pleas, *upon the application of the prosecuting attorney and the board of county commissioners*, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity." (Emphasis added.)

{¶27} "Application by both the prosecuting attorney and the board of county commissioners is a prerequisite to authorization by a court of common pleas pursuant to R.C. 305.14 of appointment of other counsel to represent a county officer, except where the prosecuting attorney has a conflict of interest and refuses to make application." *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105, paragraph one of the syllabus; *State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.* (1994), 70 Ohio St.3d 94, 98, 637 N.E.2d 311; *State ex rel. Jefferson Children Serv. Bd. v. Hallock* (1986), 28 Ohio St.3d 179, 181, 28 OBR 269, 502 N.E.2d 1036. "[P]ursuant to the principles of *Seminatore* (and the principles of separation of powers), the prosecuting attorney has the general duty to defend all actions to which any county officer or board is a party, but if independent counsel is deemed necessary in the event of a conflict of interest, the procedures for appointment of such counsel are available by appropriate application to the judicial system." *State ex rel. O'Connor v. Davis* (2000), 139 Ohio App.3d 701, 712, 745 N.E.2d 494, fn. 6.

{¶28} It is uncontroverted here that neither Sartini nor the board of county commissioners filed an application under R.C. 305.14 to appoint separate counsel for O'Brien in case No. 98CV644.

**{¶29}** Moreover, Judge Yost determined that Sartini, the prosecuting attorney, had satisfied all of his ethical obligations and that any conflict of interest had been waived upon Sartini's complete disclosure to O'Brien of his previous contact with the trustees concerning the dispute and O'Brien's acquiescence in Sartini's representation of her for over a year following his disclosure.

**{¶30}** Under the first paragraph of the syllabus in *Seminatore*, 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105, because the sole exception to the R.C. 305.14 joint-application requirement, i.e., conflict of interest, was expressly determined by Judge Yost to have been waived, he patently and unambiguously lacked jurisdiction thereafter to grant O'Brien's motion and order the employment of substitute counsel at county expense.

**{¶31}** Furthermore, the stipulated facts do not establish any violation by Sartini of the Disciplinary Rule or aspirational Ethical Considerations cited by O'Brien in her November 1, 1999 letter to Sartini requesting that Sartini apply for separate counsel for her under R.C. 305.14. See DR 5-101 and EC 5-2 and 5-14. Unlike the prosecutor in *Seminatore*, Sartini did not initiate proceedings on behalf of the state against county officials whom he was required by R.C. 309.09 to represent. And unlike the prosecutor in *Hallock*, Sartini was not ordered to investigate allegations of criminal misconduct by a county agency he was required to represent. Neither *Seminatore* nor *Hallock* involved a trial court's finding that any conflict of interest had been waived by the county official seeking the appointment of separate counsel at county expense.

**{¶32}** Finally, although courts have inherent power to regulate the practice of law before them and protect the integrity of their proceedings, see, e.g., *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 33-34, 27 OBR 447, 501 N.E.2d 617, and courts also have jurisdiction, under R.C. 305.14, to determine whether a conflict of interest exists, *Hallock*, 28 Ohio St.3d at 182, 28 OBR 269, 502 N.E.2d 1036, Judge Yost exercised this jurisdiction by determining

that any potential conflict of interest caused by Sartini's representation of O'Brien had been waived. Upon making this determination, he lacked further authority to appoint separate counsel at county expense for O'Brien. See, e.g., *Hallock*, 28 Ohio St.3d at 184, 28 OBR 269, 502 N.E.2d 1036 (Douglas, J., dissenting) ("If, however, the board seeking independent counsel cannot show a conflict of interest, then *both* the board of commissioners *and* the prosecutor must authorize the appointment. Absent both authorizations under these circumstances, the court is powerless to act"). (Emphasis sic.) None of the cases cited by O'Brien in support of her claim that Judge Yost acted within his inherent authority involves the circumstances at issue here.

{¶33} Because the foregoing lack of jurisdiction on the part of Judge Yost was *patent and unambiguous*, the availability of any other adequate remedy is immaterial. See *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109 ("appeal is immaterial in prohibition and mandamus actions where the court patently and unambiguously lacks jurisdiction to act"). In fact, because Sartini is not a party to the underlying mandamus case, he has no right of appeal from Judge Yost's decision to grant O'Brien's motion to substitute counsel.

{¶34} Based on the foregoing, Sartini and the county commissioners established their entitlement to the requested writ of prohibition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, for appellees.

McCarthy, Lebit, Crystal & Haiman Co., L.P.A., Mark B. Cohn and Leslie E. Wargo, for appellant.

————————————