ENTRY GRANTING THE BOARD OF COMMISSIONERS' MOTION TO INTERVENE, DENYING PETITIONER'S MOTION FOR STAY, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISIMISSING PETITIONER'S VERIFIED PETITION FOR WRIT OF PROHIBITION.
In this case, the county prosecutor requests a stay of the trial court's decision allowing the county commissioners to appoint other counsel for a federal lawsuit, or, in the alternative, a writ of prohibition to prevent the further exercise of jurisdiction by the trial court. The trial court found that the county prosecutor had a conflict of interest, and it allowed the commissioners to contract with other counsel.[1]
As a preliminary matter, we grant the board of commissioners' motion to intervene in this cause. Intervention is appropriate in this case under Civ.R. 24(A).
We recently ruled on a similar motion for a stay involving the same underlying case.[2] The difference is that, in this case, the prosecutor asks for the extraordinary writ of prohibition — to prohibit the trial court from exercising jurisdiction. For the same reasons we announced earlier — namely, that the resolution of the complicated legal issues is not appropriate in response to a stay motion and the fact that to grant a stay would effectively decide the appeal — we deny the prosecutor's motion for a stay.
And we grant Judge Ruehlman's motion to dismiss the verified petition for a writ of prohibition. As we recently held, a writ of prohibition is proper where (1) the respondent is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) a denial of the writ will cause injury to the relator for which no other adequate remedy at law exists.[3] And a writ of prohibition is appropriate if the lower court's lack of jurisdiction is patent and unambiguous.[4] But here, that is far from being the case.
The trial court had proper jurisdiction. The commissioners properly filed a request for equitable relief in the common pleas court, and the trial court properly heard the case. At this point, we note that there is nothing to prohibit. The trial court's judgment is on appeal to this court, and that appeal provides an adequate remedy for the prosecutor's complaint.
We therefore dismiss the prosecutor's petition for a writ of prohibition.
Winkler, P.J., and Sundermann, J., concur.
[1] See State ex rel. Jefferson Cty. Children Services Bd. v.Hallock (1986), 28 Ohio St.3d 179, 502 N.E.2d 1036.
[2] See Entry Denying Motion for Stay Pending Appeal in In reBoard of Commissioners for Hamilton County, Ohio (Apr. 14, 2004), 1st Dist. No. C-040218.
[3] State ex rel. Flynt v. Dinkelaker, 1st Dist. Nos. C-030537 and C-030538, 2004-Ohio-1695, citing State ex rel.White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340,686 N.E.2d 267.
[4] Id.