OPINION
{¶ 1} Defendant-appellant, Anne R. Parsons ("appellant"), appeals from the judgment entry of divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations on June 6, 2007.
 {¶ 2} Appellant and plaintiff-appellee, James N. Parsons ("appellee"), were married on December 7, 1974, and had five children born as issue of their marriage. Only one of the children remained a minor at the time these proceedings commenced in *Page 2 
June 2004, but said child has since emancipated effective May 2007. Appellant is a registered nurse and appellee is a physician. Appellant has primarily been a homemaker during the parties' marriage, as she left her nursing career two years after the birth of the parties' eldest child. Throughout the marriage appellee has been the central wage earner.
 {¶ 3} The parties had separated on two occasions prior to their final separation in September 2001.[1] In September 2001, appellant purchased a condominium and left the marital residence with the parties' youngest child. Both parties retained counsel and the dissolution process began. However, no final agreements were reached, and on June 16, 2004, appellee filed a complaint for divorce. Appellant filed a counterclaim for divorce on July 29, 2004. At such time, temporary orders were established and the matter proceeded.
 {¶ 4} Appellee filed a motion for the court to establish a de facto termination date of the parties' marriage. Thereupon, the trial court ordered a bifurcated trial would be held. After the first portion of the trial, which commenced on February 6, 2006, the trial court issued a decision on April 6, 2006, establishing December 31, 2001, as the de facto termination date of the parties' marriage. The second portion of the trial, to determine the division of the marital estate, commenced on October 24, 2006. The trial court issued a final Judgment Entry/Decree of Divorce on June 6, 2007. *Page 3 
 {¶ 5} This appeal followed and appellant brings the following four assignments of error for our review:[2]
 Assignment of Error No. 1
 The Trial Court erred and abused its discretion when it found a de facto termination of the parties' marriage of December 31, 2001 in its decision issued on April 6, 2006 and employed this date to value the parties' assets in the decree issued on June 6, 2007.
 Assignment of Error No. 2
 The Trial Court erred and abused its discretion when it failed to consider the evidence presented concerning the social security benefits of the parties and appropriately consider these benefits when determining the property division of the parties.
 Assignment of Error No. 3
 The Trial Court erred and abused its discretion when it excluded Defendant's monthly budget when it determined the issue of spousal support.
 Assignment of Error No. 4
 The Trial Court erred and abused its discretion when it failed to award attorney fees to Defendant-Appellant.
 {¶ 6} In her first assignment of error, appellant contends the trial court abused its discretion when it determined the de facto termination date of the parties' marriage to be December 31, 2001. The valuation of the marital estate for purposes of equitable division and support is the duration of the marriage, which is defined by statute. R.C. 3105.171(A) provides, in relevant part:
 (2) "During the marriage" means whichever of the following is applicable: *Page 4 
 (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
 {¶ 7} As recognized by the Supreme Court of Ohio in Berish v.Berish (1982), 69 Ohio St.2d 318, the circumstances of a particular case may make a date prior to trial more equitable for the determination and valuation of marital assets. In order to achieve equity, "a trial court must be permitted to utilize alternative valuation dates, such as the time of permanent separation or de facto termination of the marriage, where reasonable under the facts and circumstances presented in a particular case." Id. at 321. (Emphasis sic.)
 {¶ 8} Moreover, a court's determination as to when to apply a de facto termination date of a marriage falls well within the broad discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Heyman v. Heyman, Franklin App. No. 05AP-475,2006-Ohio-1345, at ¶ 32. It is well-established that an abuse of discretion connotes more than a mere error of law or judgment, but rather, implies a court's decision is unreasonable, arbitrary or unconscionable. Rogers v. Rogers (Sept. 2, 1997), Franklin App. No. 96APF10-1333, discretionary appeal not allowed by (1998),81 Ohio St.3d 1420. In Rogers, this court reiterated there are no "flat rules" in choosing a *Page 5 
date of valuation and that the date of separation does not automatically demonstrate a de facto termination of a marriage. Id.
 {¶ 9} After examining a number of cases from various Ohio courts, this court in Rogers found several common factors that are considered in determining the propriety of declaring a de facto date of marriage termination. As further explained in Heyman, supra, "we noted [inRogers] that factors such as whether the parties made a clear and bilateral decision to separate, whether the marriage was irretrievably broken at the time of separation, whether the separation was friendly, whether the parties engaged in sexual relations after the date of separation, whether either party had begun to cohabitate with another following separation, and whether the parties maintained separate financial arrangements were important indications of the appropriateness of applying a de facto date of termination." Id. at ¶ 33.
 {¶ 10} The point of contention in the matter at hand is that appellee argues for September 30, 2001 as the de facto marriage termination, while appellant argues that the date of the final hearing on the divorce complaint should be the termination date. The trial regarding this issue spanned over several days and the trial court heard testimony from six witnesses, including that from the parties and two of the parties' children. After careful review of the factors outlined inRogers, and review of the "pleadings, testimony, exhibits and the totality of the circumstances" presented, the trial court found December 31, 2001 to be the de facto termination date of marriage.
 {¶ 11} In its 17-page decision, the trial court noted the following facts existed on or prior to December 31, 2001: (1) the parties no longer engaged in intimate relations; (2) both parties engaged legal counsel for the purpose of the termination of the marriage, *Page 6 
appellee in August 2001, and appellant in September 2001; (3) the parties ceased living together in September 2001 and maintained separate residences; (4) the parties divided their Vanguard account in September 2001 and appellant opened an individual checking account in October 2001; (5) appellee paid monthly child support and spousal support to appellee in accordance with prior temporary orders beginning in September 2001; (6) each party paid their respective mortgages and monthly living expenses and maintained completely separate financial accounts; (7) both parties removed their wedding rings in October 2001; (8) appellant testified in her deposition that when she moved out in September 2001, she believed her marriage was "probably over"; (9) the parties' activities, both business and social, were wholly separate with the exception of events and discussions regarding the children; (10) there were no efforts or requests for reconciliation by either party after September 14, 2001; (11) appellee had been involved in three extramarital relationships since 2001 and cohabitated with another woman; (12) no vacations were taken together since December 2001 and appellee has vacationed with his significant other; (13) the parties did not act as social hosts for the other, nor have they attended any business events together since September 2001; and (14) the parties ceased contributing to each other for the other's benefit as partners in a joint undertaking. (Apr. 6, 2006 Decision at 13-14.)
 {¶ 12} Appellant asserts, despite the trial court's findings, the evidence demonstrates there was not a bilateral decision by the parties to terminate the marriage. According to appellant, her testimony described that she left the marital residence to "put some space between the parties" to allow them to "work on their marriage." This, appellant asserts, constitutes evidence that she did not believe her marriage was over in *Page 7 
September 2001. The trial court, however, expressly found appellant's testimony regarding her state of mind to be disingenuous and at odds with the objective evidence in the record. Further, the trial court specifically found "not a scintilla of evidence to support [appellant's] self-serving testimony that it still remained her subjective intent to reconcile." Id. at 17. The weight of the evidence and credibility of witnesses are issues left to the sound discretion of the trial court.Galloway v. Kahn, Franklin App. No. 06AP-140, 2006-Ohio-6637, discretionary appeal not allowed by 2007-Ohio-1986, at ¶ 29, citingWhite v. White, Gallia App. No. 03CA11, 2003-Ohio-6316, at ¶ 15. The underlying rationale is that the trier of fact is better situated than an appellate court to view the witnesses and to observe their demeanor, gestures, and voice inflections and to use those observations to weigh and assess credibility. Id. Accordingly, the trier of fact is free to believe all, part, or none of the testimony of any witness who appears before it. Id.
 {¶ 13} Despite appellant's contentions to the contrary, we cannot say the trial court abused its discretion in deciding to apply December 31, 2001, as the de facto termination date of marriage. In our view, the record supports the trial court's conclusion that December 31, 2001 represents the final pivotal point in the status of the marital relationship and the time in which the parties were no longer contributing to the other for their mutual benefit and the marriage was finally and bilaterally terminated. Accordingly, we overrule appellant's first assignment of error.
 {¶ 14} In her second assignment of error, appellant contends the trial court abused its discretion when it failed not only to consider the value of the parties' Social Security benefits, but also when it failed to offset said benefits in the ultimate division of the marital estate. Though appellant contends Social Security benefits should be considered when *Page 8 
dividing the marital estate, appellant concedes that widow and survivor benefits should not be included because such benefits are too speculative. We note at the outset that the trial court devoted five pages of its 32-page decision to the discussion of the parties' Social Security benefits; therefore, we cannot say the trial court did not consider evidence of the same. We now turn to appellant's assertion that the trial court erred in failing to offset the Social Security benefits in the division of the marital estate.
 {¶ 15} A trial court has broad discretion in the allocation of marital assets, and its judgment will not be disturbed absent an abuse of that discretion. Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624. InNeville, the Supreme Court of Ohio reiterated that Social Security benefits are not subject to division in a divorce proceeding, but went on to hold that "in making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets." Id. at syllabus.
 {¶ 16} Both parties presented expert testimony regarding the present value of Social Security benefits and the amount of the anticipated monthly benefit to each party. After summarizing the experts' testimony, and considering the various assumptions made by the experts to reach their conclusions, the trial court considered pertinent case law, and concluded:
 * * * the court finds that given the particular circumstances in this case, including but not limited to, a very long term marriage, the parties' ages, their approaching retirement status, defendant's inability to obtain and maintain gainful employment, their respective health status, both parties ongoing contributions to social security and the indisputable propriety of an indefinite spousal support award, the court finds that it is inappropriate to utilize an offset of present value to achieve equity. To hold otherwise, given these particular *Page 9 
facts, would be speculative and would unnecessarily assign a single simplistic value to a complex benefit that, depending on future events, will ultimately work an inequity on the parties.
(June 6, 2007 Judgment Entry at 13.) (Emphasis sic.)
 {¶ 17} Appellant submits the trial court found the expert testimony and evidence simply "too complicated to decipher," and therefore, chose to ignore the evidence and decline to consider whether an offset would be appropriate. (Appellant's Brief at 14.) We do not find appellant's position well-taken.
 {¶ 18} Both experts testified that several assumptions are required to derive a present value of Social Security benefits. Further, factors included in the trial court's decision were the duration of marriage, the parties' age, health, retirement status, ability to find gainful employment, ongoing contributions to Social Security, and the appropriateness of an indefinite award of spousal support.
 {¶ 19} All of these matters are within the purview of the trial court, and the trial court's findings were clearly based on the evidence. As such, we find no abuse of discretion on the trial court's treatment of the parties' Social Security benefits. Ewing v. Ewing, Licking App. No. 06-CA-148, 2007-Ohio-7108 (finding no abuse of discretion in the trial court's conclusion that given the particular facts of the case, Social Security benefits were speculative and thus not relevant); Bolden v.Bolden, Geauga App. No. 2006-G-2736, 2007-Ohio-6249 (holding that because Neville permits rather than mandates a trial court's consideration of Social Security benefits, there was no abuse of discretion in the trial court's decision to not offset the values of the parties' Social Security benefits against other marital property);Dunham v. Dunham, 171 Ohio App.3d 147, 2007-Ohio-1167, discretionary appeal not allowed by 115 Ohio St.3d 1408, 2007-Ohio-4884 *Page 10 
(finding no abuse of discretion in the trial court's rejection of certain assumptions as too speculative regarding social security benefits). Accordingly, we overrule appellant's second assignment of error.
 {¶ 20} In her third assignment of error, appellant contends the trial court abused its discretion when it excluded her monthly budget when determining spousal support. In determining spousal support, the trial court found that an indefinite award in the amount of $4500 per month is reasonable and appropriate. In addition, the trial court stated it was retaining jurisdiction to modify the award, and indicated appellee's retirement may constitute a substantial change in circumstances for purposes of future modification.
 {¶ 21} On appeal, appellant does not necessarily take issue with the trial court's determination of the spousal support award, but rather, contends this matter should be remanded with instructions for the trial court to consider her monthly budget as set forth in appellant's Exhibit 7A when rendering its spousal support award. During the trial, appellant sought the introduction of Exhibit 7A to establish the monthly living expenses for herself and her youngest daughter. Appellee objected, and the trial court sustained the objection finding that appellant was unable to establish a sufficient foundation for the admission of the evidence. Thereafter, appellant filed a motion for reconsideration, which the trial court denied in its June 6, 2007 Judgment Entry.
 {¶ 22} Generally, the admission or exclusion of evidence is within the discretion of the trial court, so long as that discretion is exercised in line with the rules of procedure and evidence. Swearingen v.Swearingen, Franklin App. No. 06AP-698, 2007-Ohio-1241, at ¶ 13, citingRigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. An appellate court *Page 11 
will not reverse a trial court's decision to admit or exclude evidence absent an abuse of discretion. Id., citing State ex rel. Sartini v.Yost, 96 Ohio St.3d 37, 2002-Ohio-3317.
 {¶ 23} In excluding appellant's Exhibit 7A, the trial court stated:
 You both make compelling arguments, but I'm going to sustain the objection and exclude 7A, in that my recollection of the testimony is that it was, first of all, there was absolutely no back up documentation, no supporting documentation to support it. There was very, very fuzzy testimony about when and how it was created, and with whose — she had the assistance of friends and neighbors that she couldn't even remember the names of. She herself agreed that items were on that budget that shouldn't be on there, and numbers that were on that budget that were incorrect in her cross examination. She couldn't identify how she arrived at certain numbers, and seemed to be totally confused by it.
 Taken as a whole, ordinarily [appellant's counsel] I would agree it was a weight and admissibility issue, but in this case I think it's clearly an inadmissibility issue. So I'm going to exclude 7A.
(Tr. Vol. VII at 1333-1334.)
 {¶ 24} It is appellant's assertion that Exhibit 7A falls within the ambit of Evid.R. 1006, and therefore, should have been admitted into evidence and considered by the trial court. Evid.R. 1006, provides:
 The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.
 {¶ 25} Regarding Evid.R. 1006, this court has held three conditions must be satisfied before a summary may be admissible under Evid.R. 1006. *Page 12 
 First, the writings * * * must be voluminous. This is a question for the court. Second, a proper foundation must be established for the introduction of the summary. As part of this requirement, the originals must be admissible in order that the summaries * * * based on those originals be admissible. * * * Third, the originals or duplicates must be made available to all litigants for examination or copying at any reasonable time and place.
Dellenbach v. Robinson (1993), 95 Ohio App.3d 358, 375, quoting Weissenberger's Ohio Evidence, 1993 Courtroom Manual, Chapter 1006.
 {¶ 26} As argued by appellee, appellant concedes she did not provideany records in support of her summary; hence, the third condition for the admissibility of the summary clearly was not met. Instead, appellant relied solely on her testimony to establish a foundation for the summary's admission. Noted in the transcript excerpt set forth above, the trial court considered appellant's testimony, and found it insufficient to establish the proper foundation for the admissibility of appellant's Exhibit 7A. Upon review, we do not find the trial court abused its discretion in so concluding. Accordingly, we overrule appellant's third assignment of error.
 {¶ 27} In her fourth assignment of error, appellant contends the trial court erred in failing to award attorney fees to her. Specifically, appellant contends the trial court did not consider the parties' great disparity in income and earning potential, nor is there any indication the trial court considered the parties' marital assets and awards of spousal support in declining to award attorney fees.
 {¶ 28} R.C. 3105.73(A), provides, in pertinent part:
 In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award *Page 13 
equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.
 {¶ 29} A party seeking an award of fees in a divorce action bears the burden of proving the reasonableness of the fees sought. McCord v.McCord, Franklin App. No. 06AP-102, 2007-Ohio-164, at ¶ 14, citingSwanson v. Swanson (1976), 48 Ohio App.2d 85. Any subsequent award of attorney fees lies within the sound discretion of the trial court.Rand v. Rand (1985), 18 Ohio St.3d 356, 359. Therefore, we may reverse the trial court's decision only upon a showing that the court abused its discretion and acted unreasonably, arbitrarily or unconscionably.Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371.
 {¶ 30} In considering appellant's request for attorney fees, the trial court noted appellee incurred legal fees of approximately $88,400, and retained the same law firm throughout the litigation. In contrast, appellant retained three law firms, and incurred approximately $145,000 in legal fees. The trial court noted appellant's conduct was a "significant factor" in the length and expense of the litigation, but also that her investigation into certain financial matters was prudent. (June 6, 2007 Judgment Entry at 25.) In conclusion, the trial court, upon consideration of the totality of the circumstances, found "that an award of attorney fees to either party would not be equitable." Id.
 {¶ 31} Upon review of the record, we find no error in the trial court's analysis or conclusion on this issue. As required by R.C.3105.73, the trial court considered whether an award of attorney fees to either party would be equitable, and concluded that it would not. Other than being dissatisfied with the trial court's ruling, appellant does not direct us *Page 14 
to, nor do we find, an abuse of discretion in the trial court's determination. Heyman v. Heyman, Franklin App. No. 06AP-1070,2007-Ohio-2241. Accordingly, we overrule appellant's fourth assignment of error.
 {¶ 32} For the foregoing reasons, appellant's four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is hereby affirmed.
Judgment affirmed.
SADLER and FRENCH, JJ., concur.
[1] The parties separated in 1992 for approximately four months, and again in 1996 for approximately three years.
[2] Appellee filed a notice of cross-appeal on July 12, 2007. On September 10, 2007, this court granted appellee's September 4, 2007 motion to voluntarily dismiss his cross-appeal. *Page 1