[Cite as *In re Estate of Miller*, 2016-Ohio-414.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| ESTATE OF ROBERT B. MILLER, | : | Case No. 14CA3469 |
| DECEASED | : | |
| | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| | : | **Released: 01/29/16** |

_____

APPEARANCES:

James L. Mann, Mann and Preston LLP, Chillicothe, Ohio, for Appellants.[1]

James K. Cutright, Cutright & Cutright LLC, Chillicothe, Ohio, for Appellee.[2]

_____

McFarland, J.

{¶1} This is an appeal from a decision by the Probate Court of Ross County, Ohio, denying as untimely a motion to disallow commissions paid to a former executor. On appeal, Appellants, Robert M. Miller and Nancy Lallier, co-executors of the estate of Robert B. Miller, contend that 1) the probate court erred in holding that the motion to disallow commissions paid to the former executor was untimely, and 2) the probate court erred in denying the motion to disallow commissions paid to the former executor. Because we find the trial court abused its discretion in denying the motion to

---

[1] James Mann represents Appellants Robert M. Miller and Nancy Lallier, co-executors of the estate of Robert B. Miller.
[2] James Cutright represents Appellee Ralph Hempfiling, the son of Marjorie C. Distelhorst, deceased, who was the prior executor of the estate of Robert B. Miller.

disallow commissions based upon its determination that the motion was untimely filed, we sustain Appellants' first assignment of error. Further, because the probate court did not address the merits of the motion to disallow, but rather denied it as untimely filed, and in light of our disposition of Appellants' first assignment of error, we do not reach Appellants' second assignment of error. Accordingly, the decision the trial court is reversed and this matter is remanded to the probate court for further proceedings consistent with this opinion.

### ASSIGNMENTS OF ERROR

"I.    THE PROBATE COURT ERRED IN HOLDING THAT THE MOTION TO DISALLOW COMMISSIONS PAID TO THE FORMER EXECUTOR WAS UNTIMELY.

II.    THE PROBATE COURT ERRED IN DENYING THE MOTION TO DISALLOW COMMISSIONS PAID TO THE FORMER EXECUTOR."

### FACTS AND LEGAL ANALYSIS

{¶2} In both of their assignments of error, Appellants challenge the trial court's denial of their motion to disallow commissions paid to the former executor of their father's estate, Marjorie Distelhorst, now deceased. In their first assignment of error they contend the trial court erred in holding that the motion to disallow was untimely filed. In their second assignment of error they essentially contend that the trial court erred in denying their

motion to disallow on the merits. However, as a review of the record, including the trial court's entry, indicates that the motion was denied based upon the trial court's determination that it was untimely, it does not appear the trial court considered or denied the motion based upon the merits. As such, we limit our review to whether the trial court erred in determining the motion to disallow commissions was untimely filed.

{¶3} R.C. 2113.35 entitled "Fees" provides in section (A) that executors and administrators shall be allowed fees based upon the amount of all of the personal property that is received and accounted for by them and upon the proceeds of real property that is sold. However, R.C. 2113.35(D) provides as follows:

> "If the probate court finds, after a hearing, that an executor or administrator, in any respect, has not faithfully discharged the duties as executor or administrator, the court *may* deny the executor or administrator any compensation whatsoever or may allow the executor or administrator the reduced compensation that the court thinks proper." (Emphasis added).

Thus, based upon a plain reading of the statutory language, a probate court's determination under R.C. 2113.35 reducing or denying a commission is within its sound discretion and will not be reversed absent an abuse of that

discretion. *In the Estate of Debra K. Justice*, 4th Dist. Pickaway No. 93CA2, 1993 WL 335010, *3 (internal citations omitted).

{¶4} An "abuse of discretion" implies that a court acted in "an unreasonable, arbitrary, or unconscionable manner." See, e .g., *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 21; *State v. Herring*, 94 Ohio St.3d 246, 255, 2002-Ohio-796, 762 N.E.2d 940; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion amounts to more than a mere error of law, but instead, equates to a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).  Furthermore, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. See, e.g., *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶5} Here, a review of the record indicates that Marjorie Distelhorst was the initial executor of the estate of Robert B. Miller.  Distelhorst had co-habitated with Miller for some time prior to his death and was granted in the will a life estate in Miller's residence and personal property.  Because there were not enough liquid assets in the estate to pay the debts of the estate, Miller's son, Robert K. Miller, Appellant herein, agreed to pay into the estate $28,175.62 in order that debts could be paid without having to sell the

residence.  Both Appellants were named as the residuary beneficiaries of the real property.

{¶6} The check written by Appellant Miller was paid through Distelhorst's attorney's office.  Although Distelhorst subsequently filed a final account in her capacity as executor of the estate, indicating that the mortgage on the residence had been paid, it was subsequently determined after Distelhorst's death that the mortgage was not paid.  The final account further indicated that Distelhorst had paid herself an executor's fee in the amount of $2,629.37.  It was also discovered that funds remained in the estate checking account despite the fact that the final account filed by Distelhorst and approved by the court indicated the account had been closed.  Approximately two months after these discoveries were made, Appellants filed, on August 26, 2011, a motion to reopen the estate of their father, as well as a motion to be appointed as co-executors.

{¶7} The stated purposes of the motion were as follows: 1) to pursue claims against the former executor; 2) to obtain control of the funds remaining in the estate checking account; 3) to surcharge the former executor; and 4) to pay debts that were not paid during the administration of the estate.  The memorandum filed in support of the motion alleged that the money paid into the estate by Appellant Miller that was to be used to pay off

the mortgage on the residence was not used for that purpose, but instead $12,553.44 of the funds were transferred out of the estate checking and into Distelhorst's private account she held jointly with her son, Ralph Hempfling.

{¶8} A hearing was held on the motions on October 5, 2011. Although Appellants were prepared to go forward with evidence in the form of bank witnesses and exhibits in support of their motion, the trial court stated on the record that it was "satisfied with [their] representations to grant [their] request to re-open the Estate and to make the appointment" and "did not see any need for evidence at this time[.]" At the close of the hearing the trial court reopened the estate and appointed Appellants as co-fiduciaries. For the next three years, there was little activity in the estate with the exception of five status reports that were filed demonstrating efforts that were being made to either bring claims against the Diselhorst estate or against Ralph Hempfling directly, or both. The record indicates that an estate was not initially opened for Distelhorst, and Appellants had requested an estate be opened and an administrator be appointed. The last status report that was filed, on May 5, 2014, requested that an "initial pretrial/scheduling conference" be scheduled.

{¶9} Subsequently, on August 19, 2014, Appellants filed their motion to disallow commissions paid to the prior executor. The motion was brought

pursuant to R.C. 2113.35(D) and requested that the commission paid to Distelhorst be denied on the grounds that she did not faithfully discharge her duties as executor. After holding a hearing on the motion and ordering the parties to submit briefs, the trial court denied the motion as untimely.

{¶10} The trial court relied on R.C. 2109.35 entitled "Effect of order settling account; vacation of order" in reaching its decision, stating that the prior settlement of the fiduciary's account had the effect of a final judgment and may only be vacated as provided by R.C. 2109.35, which in cases of alleged fraud, must be filed within one year after the discovery of the existence of fraud. The trial court reasoned that Appellant Miller and his attorney became aware of Distelhorst's actions in October of 2011, but did not file their motion to disallow until August 19, 2014, almost three years after the discovery.

{¶11} We conclude that the record before us, including the circumstances which led to the reopening of the estate, demonstrate an abuse of discretion on the part of the trial court in denying the motion to disallow as untimely filed. Two of the stated purposes of the motion to reopen were to pursue claims against the former executor and to surcharge the former executor. Further, the record indicates that Appellants were prepared to go forward with evidence immediately upon the filing of the motion to reopen,

and would have but for the court's disinclination to hear evidence at that time.  No other hearings were held prior to the hearing on the motion to disallow commissions.  It appears from the record that the motion to disallow commissions was the next step in attempting to recover funds and surcharge the executor.

{¶12} Further, R.C. 2113.35 contains no express time limit in which a motion to disallow must be filed.  The language of the statute seems to contemplate that it would be filed prior to the executor actually being paid a commission.  However, in light of the unusual circumstances and procedural posture of this case, that was not possible.  Appellants filed a motion to reopen their father's estate within two months of their discovery of Distelhorst's actions, and alleged facts which, if proven, would demonstrate the conversion of estate assets and the filing of a false account.  Despite the fact that Appellants' initial motion was a motion to reopen, rather than a motion to vacate pursuant to R.C. 2109.35, the motion put all parties and the court on notice of the alleged actions of Distelhorst, the alleged problems and inaccuracies of the final account and the intent to surcharge Distelhorst for her conduct.  See *Trust U/W of A.J. Woltering*, 1st Dist. Hamilton No. C-970913, 1999 WL 163759, *3 (finding exceptions to prior account filed by remainder beneficiaries satisfied the requirements of R.C. 2109.35 by

providing court with notice that remaindermen challenged the propriety of the actions of trustee and sought to have the court compel the trustee to restore assets to the trust.). We further agree with Appellants that to hold otherwise would be to put form over substance.

{¶13} As such and in light of the foregoing, we conclude that the probate court abused its discretion in denying Appellants' motion to disallow as untimely filed. Accordingly, Appellants' first assignment of error is sustained, the decision of the probate court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

Harsha, J., concurring in judgment only:

{¶14} I concur in judgment only on the first assignment of error and would expressly overrule the second assignment of error as not being ripe for review.

Hoover, J., concurring in part and dissenting in part with opinion:

{¶15} I agree with the principal opinion that the appellant's first assignment of error should be sustained and that the trial court erred in holding that the motion to disallow commissions paid to the former executor was untimely. However, I would also sustain the appellant's second assignment of error rather than disregarding it.

{¶16} From review of the record, it appears that the appellants' original motion which was captioned as "Motion to Reopen Estate and to Appoint New Fiduciary" set forth that the appellants desired to reopen the estate for the following purposes: 1) to pursue claims against the former executor, who is now deceased; 2) to obtain control of the funds remaining in the estate checking account; 3) to surcharge the former executor; and 4) to pay debts that were not paid during the administration of the estate. The memorandum in support of the motion clearly sets forth allegations that Ms. Distelhorst did not faithfully discharge her fiduciary duties.

{¶17} Also from review of the record, as demonstrated by the status report filed on December 6, 2013, a separate action was filed against Ms. Distelhorst's son, Ralph D. Hempfling. A letter in the record indicates that the appellants believed that Mr. Hempfling participated in Ms. Distelhorst's

fraudulent conveyance.  Appellants believed that Mr. Hempfling was liable to reimburse them for the property that he had received by and through Ms. Distelhorst.

{¶18} Since the separate action will or has dealt with the fraudulent conveyance(s), this issue is not before us in this case.  The sole issue before this court presently is whether the "Motion to Disallow Commissions Paid to the Prior Executor" should have been found to be untimely filed and denied.

{¶19} As the principal opinion states, R.C. 2113.35, which deals with commissions, "contains no express time limit in which a motion to disallow must be filed."  The trial court simply had the issue before it whether or not the commissions should be disallowed.  I believe that it was improper for the trial court to deny the motion to disallow the commissions based on the motion being untimely filed since there is no express time limit to file a motion to disallow commissions.

{¶20} Upon the filing of the motion to reopen the estate, the trial court and the vested beneficiaries were placed on notice that allegations of fraud were being made against Ms. Distelhorst.  This filing was indeed done within one year[3] after the appellants discovered the alleged fraud.  I believe

---

[3] The lawsuit against Mr. Hempfling needed to be filed within four years of the discovery of the alleged fraud. R.C. 2305.09(C).  The alleged fraud was purportedly discovered in October of 2011; and the separate lawsuit was filed against Mr. Hempfling sometime in 2013. No issues exist regarding statute of limitations with respect to the allegations of fraud against Mr. Hempfling.

that without a resolution of the fraud issues in the separate lawsuit, that a motion to vacate the prior fiduciary's account would not even be ripe for consideration. Assuming arguendo that appellants were successful in obtaining a judgment against Mr. Hempfling, and if the appellants could collect on that judgment and then fund their father's estate with those monies, only then would a new accounting need to be completed. And only then would the consideration of vacating the prior accounting need to be at issue.

{¶21} Therefore, I agree that the first assignment of error should be sustained. However, I would also sustain the second assignment of error instead of disregarding it since I believe that the probate court did err in denying the motion to disallow commissions paid to the former executor.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS and that the Appellants recover of Appellee any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:   Concurs in Judgment Only with Opinion.
Hoover, J.:   Concurs in Part and Dissents in Part with Opinion.


For the Court,


BY:   _____
         Matthew W. McFarland, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**